IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**CHARLES RAY AUGMON, III,**

    Plaintiff,

    v.                                     Civil Action No. 1:22-CV-107
                                            (JUDGE KLEEH)

**STATE OF WEST VIRGINIA, and
A. CATHER,**

    Defendants.

**REPORT AND RECOMMENDATION RECOMMENDING PLAINTIFF'S
COMPLAINT, [ECF NO. 1], BE DISMISSED, IN PART, WITHOUT PREJUDICE**

    On October 18, 2022, Charles Ray Augmon ("Plaintiff"), filed a *pro se* Complaint in this Court against two defendants, the State of West Virginia and Patrolman A. Cather ("Defendants"). [ECF No. 1]. Plaintiff seeks monetary damages, the return of intellectual property, and dismissal of the charges against him based upon four causes of action: (1) violations of the Fourth Amendment; (2) false imprisonment; (3) neglect of Treaty Series No. 36; and (4) assault and battery. [ECF No. 1 and 1-1]. On the same date, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis*, [ECF No. 2], and Chief District Judge Thomas Kleeh referred this matter to the undersigned for written orders or reports and recommendations and to dispose of any other matters that may arise. [ECF No. 4].

    Having reviewed the pleadings in accordance with applicable law, the undersigned **CONCLUDES** and **RECOMMENDS** that Claim III of the Complaint should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. The undersigned further **FINDS** that the Court has subject matter jurisdiction over the remainder of the Complaint, pursuant to 28 U.S.C. 1331 and 1367, and

1

**RECOMMENDS** that this Court should **GRANT** the Motion for Leave to Proceed *in forma pauperis*, [ECF No. 2], and permit this matter to proceed in normal course.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

On June 13, 2022, Patrolman A. Cather conducted an investigative stop upon the Plaintiff in a hotel parking lot. [ECF No. 1 at 7]. Plaintiff alleges he was sleeping in the backseat of the vehicle at the time of the stop. Id. When confronted, Patrolman Cather requested Plaintiff to produce identification or a drivers license. Id. At this request, Plaintiff "stated he did not need a license to travel." Id. Plaintiff further asserts he "informed the Patrolman he was not a United States Citizen and expressed his reservation of rights [as a Fourteenth Amendment Citizen]." Id. Nonetheless, Patrolman Cather "insisted that the Plaintiff must have a driving license to operate a motor vehicle in the State of West Virginia." Id. Patrolman Cather then "informed the [P]laintiff if he did not show identification then he would be detained." Id. Thereafter, Plaintiff produced an alternative form of identification to Patrolman Cather. Id.

After producing an alternative form of identification, "[t]he Plaintiff adjusted himself from the back seat to the front seat and turned the vehicle on and was about to attempt to adjust the automobile to a proper parking spot." Id. As a result, Patrolman Cather "asked the Plaintiff to exit his automobile" to which the Plaintiff "did not respond to the Patrolman's request." Id. at 8. Next, Patrolman Cather "stated he was going to draw up a warrant for the Plaintiff's arrest [ ] for failure to consent to a command." Id. After calling for backup, "[t]he Defendants Patrolman forced the Plaintiff from his automobile." Id. Patrolman Cather then "handcuffed, searched, and arrested" the Plaintiff and brought him to Monongalia County Sheriff's Office where he was subjected to booking. Id.

As a result of these events, on October 18, 2022, Plaintiff, proceeding *pro se*, filed a Complaint against Defendants, the State of West Virginia and Patrolman A. Cather, for four causes

2

of action: (1) deprivation of rights under color of law; (2) violation of treaty law; (3) false imprisonment; and (4) assault and battery. [ECF No. 1].

Plaintiff asserts this Court has both diversity jurisdiction, pursuant to Title 28, United States Code, 1332(a)(1), because Plaintiff is a resident of California, and federal question jurisdiction, pursuant to Title 28, United States Code, Section 1331. [ECF No. 1 at 3]. Plaintiff listed Title 18, United States Code, Section 242, the Fourth Amendment of the U.S. Constitution, and Treaty Series No. 36 as the basis for federal question jurisdiction. [ECF No. 1 at 3.] Plaintiff seeks dismissal of all state charges, return or destruction of all intellectual property, such as fingerprints, photographs, and signatures, as well as monetary damages in the sum of one hundred and fifty thousand dollars ($150,000). [ECF No. 1-1 at 6].

## II. LEGAL STANDARDS

### A. Subject Matter Jurisdiction

Generally, only two types of cases can be heard in federal court: cases involving diversity of citizenship of the parties and cases involving a federal question. "Federal-question jurisdiction affords parties a federal forum in which 'to vindicate federal rights,' whereas diversity jurisdiction provides 'a neutral forum' for parties from different States." Home Depot U. S. A., Inc. v. Jackson, 139 S. Ct. 1743, 1746, *reh'g denied*, 140 S. Ct. 17 (2019)(citing Exxon Mobil Corp., 125 S.Ct. 2611). Diversity jurisdiction applies "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

Federal question jurisdiction applies when the plaintiff's *civil action* arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Generally, "[a] suit arises under the law that creates the cause of action." Atl. Richfield Co. v. Christian, 140 S. Ct. 1335,

1350 (2020) (quoting American Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260 (1916)).

A suit may be dismissed for lack of jurisdiction in the federal district court "where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." McCartney v. State of W.Va., 156 F.2d 739, 742 (4th Cir. 1946) (quoting Bell v. Hood, 66 S.Ct. 773, 774 (1946)). In fact, when the Court is without subject matter jurisdiction, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n. 10 (4th Cir. 1999).

### B. Pleading Standard

Because Plaintiff is proceeding *pro se*, the Court must liberally construe the pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978). However, a court may not construct the plaintiff's legal arguments for him, nor should it "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

To survive dismissal, a plaintiff must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Moreover, a complaint must set forth a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A cause of action must be supported by "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reliance on Twombly, the Supreme Court has emphasized that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

### C. *Pro Se In Forma Pauperis* Review

Pursuant to 28 U.S.C. § 1915(e)(2)(B), where a plaintiff is seeking to proceed without the prepayment of fees and costs, the court is obliged to screen the case to determine if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

This screening is generally conducted prior to ruling upon the Motion for Leave to Proceed *in forma pauperis* and Application to Proceed Without Prepayment of Fees and Costs and before service of process. *See* Portee v. United States Dep't of Agric., No. 2:15-CV-13928, 2016 WL 4962727, at *2 (S.D.W. Va. July 14, 2016)(Tinsley, J.), *report and recommendation adopted*, No. 2:15-CV-13928, 2016 WL 4942023 (S.D.W. Va. Sept. 15, 2016)(Johnston, J.).

However, the court may invoke § 1915 *sua sponte* and shall "dismiss the case **at any time**" if the court determines that the action or appeal is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C.A. § 1915(e)(2)(B)(emphasis added). *See* Whitehead v. Paramount Pictures Corp., No. 1:08CV792 AJTTRJ, 2009 WL 1565639, at *5 at n. 5 (E.D. Va. May 28, 2009), *aff'd in part sub nom.* Whitehead v. Paramount Pictures, Inc., 366 F. App'x 457 (4th Cir. 2010); Cochran v. Morris, 73 F.2d 1310 (4th Cir.1996)(allowing *sua sponte* dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); and Weller v. Dep't of Social Servs., 901 F.2d 387, 389 (4th Cir.1990)(dismissal proper where there were no allegations against defendants).

The purpose of this Section is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "To this end, the

statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. *See also* Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 953 (4th Cir. 1995)(initial screenings required because § 1915 removed the "economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.") (internal citations omitted); Whitehead v. Paramount Pictures Corp., No. 1:08CV792 AJTTRJ, 2009 WL 1565639, at *4 (E.D. Va. May 28, 2009), *aff'd in part sub nom.* Whitehead v. Paramount Pictures, Inc., 366 F. App'x 457 (4th Cir. 2010) (upholding dismissal).

### III.     ANALYSIS

**A. This Court has subject matter or supplemental jurisdiction over Claims I, II, and IV of the Complaint. Claim III of the Complaint should be dismissed without prejudice because this Court is without jurisdiction, and Claim III fails to state a cognizable claim upon which relief may be granted.**

Plaintiff alleges this Court has subject matter jurisdiction in this matter both pursuant to federal question jurisdiction under Title 28, United States Code, Section 1331, and pursuant to diversity jurisdiction under Title 28, United States Code Section 1332. Specifically, Plaintiff asserts that this Court has federal question jurisdiction because his causes of actions arise from Title 18, United States Code, Section 242, the Fourth Amendment of the U.S. Constitution, and Treaty Series No. 36. [ECF No. 1 at 3.] Plaintiff asserts this Court has diversity jurisdiction, pursuant to Title 28, United States Code, 1332(a)(1), because Plaintiff is a resident of California, Defendants are residents and officials in the State of West Virginia, and the damages sought exceed $75,000.

1. *Federal Question Jurisdiction*

The Supreme Court has made it clear that "the fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." Cannon v. Univ. of Chi., 441 U.S. 677, 688 (1979). *See also* Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 817 (1986)("[A] complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States.'").

The U.S. Court of Appeals for the Fourth Circuit has explained that to create a private civil action for which federal question jurisdiction would be appropriate, Congress must "'speak[ ] with a clear voice' and the statute must 'unambiguously' express the intent 'to create not just a private right but also a private remedy.'" Clear Sky Car Wash LLC v. City of Chesapeake, 743 F.3d 438, 444 (4th Cir. 2014) (quoting Gonzaga Univ. v. Doe, 536 U.S. 273, 284 (2002)).

This holds true for criminal statutes. It is well-established that a private individual has no constitutional right and standing to bring a criminal complaint against another individual. *See* Leeke v. Timmerman, 454 U.S. 83, 102 S.Ct. 69, 70 L.Ed.2d 65 (1981); Linda R.S. v. Richard D., 410 U.S. 614, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.") ; Younger v. Harris, 401 U.S. 37, 42, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

In the case of Fed. Sav. & Loan Ins. Corp. v. Reeves, the Fourth Circuit found that the federal criminal code provisions dealing with embezzlement, fraud, and misrepresentation provide no basis for a civil cause of action where it was "clear that Congress envisioned the statute solely in criminal terms." Fed. Sav. & Loan Ins. Corp. v. Reeves, 816 F.2d 130, 138 (4th Cir. 1987). *See also, e.g.,* Rouhi v. Kettler, No. 19-3052-SAG, 2020 WL 3451871, at *3 (D. Md. June 24, 2020),

aff'd, 831 F. App'x 636 (4th Cir. 2020)(no subject matter jurisdiction because Plaintiff's "citation to various criminal statutes, which do not include private rights of action, does not permit this Court's exercise of federal question jurisdiction."); Tam Anh Pham v. Deutsche Bank Nat. Tr. Co., 583 F. App'x 216, 217 (4th Cir. 2014).

A suit may be dismissed for lack of jurisdiction in the federal district court "where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." McCartney v. State of W.Va., 156 F.2d 739, 742 (4th Cir. 1946) (quoting Bell v. Hood, 66 S.Ct. 773, 774 (1946)).

Title 28, United States Code, Section 242, cited by Defendant as a basis for federal question jurisdictions, provides:

> Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, . . . , than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and . . . if such acts include kidnapping or an attempt to kidnap, . . . shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.

28 U.S.C. § 242.

This Court surely has original jurisdiction under 18 U.S.C. § 3231 to hear all criminal cases involving offenses against the laws of the United States. However, these criminal laws empower the Government, not private citizens, to bring criminal offenses before the Court. A private citizen lacks the right to prosecute another, and Congress has not provided a right for the Plaintiff to bring a criminal cause of action for deprivation of rights in this federal district court. Accordingly, the

undersigned **FINDS** that neither federal question jurisdiction nor a cognizable civil action can be sustained based upon Plaintiff's Complaint references to 28 U.S.C. § 242. [ECF No. 1].

Plaintiff further cites to "Treaty Series No. 36" as a basis for federal question jurisdiction. [ECF No. 1 at 3]. Plaintiff alleges that "On July 13, 2022[,] the Defendant Patrolman neglected to respect the rights and freedoms recognized by the American Convention of Human Rights; due to his decision on how the Plaintiff should be politically labeled[,]" by "refusing to acknowledge the Plaintiff's reservation of rights or self-determination political status [s]tating 'you're a sovereign citizen[,]'" and by further referring to Plaintiff as "one of those." [ECF No. 1-1 at 5, 6]

The Organization of American States Treaty Series No. 36 from the American Convention on Human Rights, provides, in pertinent part: "No one shall be subjected to torture or to cruel, inhuman or degrading punishment or treatment. All persons deprived of their liberty shall be treated with respect for the inherent dignity of the human person. All persons deprived of their liberty shall be treated with respect for the inherent dignity of the human person." American Convention on Human Rights, Art. 5, OAS Treaty Series No. 36 at 1, OAS Off. Rec. OEA/Ser 4 v/II 23, doc 21, rev.2. (English ed. 1975).

"To be privately enforceable, a treaty must either be self-executing or Congress must have passed implementing legislation." Dutton v. Warden, FCI Estill, 37 F. App'x 51, 53 (4th Cir. 2002) (citing Goldstar (Panama) S.A. v. United States, 967 F.2d 965, 968 (4th Cir.1992) and Breard v. Pruett, 134 F.3d 615, 622 (4th Cir.1998) (Butzner, J., concurring)). However, "the United States has declined to ratify the American Convention for more than three decades . . . indicating that this document has not even been universally embraced by all of the prominent States within the region in which it purports to apply." Flores v. S. Peru Copper Corp., 414 F.3d 233, 258 (2d Cir. 2003) (internal citations omitted). Because the American Convention's Treaty Series, including Treaty

9

No. 36, has not been ratified, numerous courts, including the Fourth Circuit, have held that the American Convention treaties do not create any obligations which require enforcement by the domestic courts of the United States. *See* Roach v. Aiken, 781 F.2d 379, 381 (4th Cir. 1986); Garza v. Lappin, 253 F.3d 918, 925 (7th Cir.2001) ("[A]lthough the United States has signed the American Convention, it has not ratified it, and so that document does not yet qualify as one of the 'treaties' of the United States that creates binding obligations[.]"). Thus, where this particular treaty has not been ratified and does not qualify as a treaty of the United States which creates binding obligations, the undersigned **FINDS** this Court cannot exercise federal question jurisdiction or recognize a private claim of action as alleged by Plaintiff in Claim III for Neglect of a Treaty Series.

The undersigned recognizes and is mindful of Plaintiff's assertion that he does not identify as a "sovereign citizen" and instead self identifies as a Fourteenth Amendment Citizen. See [ECF No. 1 at 7-8]. Nonetheless, where a Plaintiff couches their allegations in the terms of a sovereign citizen theory, they have been "rejected repeatedly by the courts." Smith v. United States, No. 1:12-cv-00900, 2013 WL 5464723, at *1 (S.D.W. Va. Sept. 30, 2013) (quoting Nunn v. United States, No. 3:13-cv-12-MHT, 2013 WL 1099321, *2 (M.D. Ala. Feb. 27, 2013)); *see also* Deegan v. West Virginia, 2012 WL 1899668 (S.D.W.Va. April 25, 2012) (No claim based on allegations that defendants denied sovereign citizen's First Amendment constitutional rights by bringing criminal charges and not removing case to "ecclesiastical" court). Where an individual proclaims themselves as a citizen not subject to the jurisdiction of the courts, courts should conclude such claims have "ha[ve] no conceivable validity in American law." U.S. v. Underwood, 726 Fed. Appx. 945, 948 (4th Cir. 2018) (unpublished) (citing United States v. Schneider, 910 F.2d 1569, 1570 (7th Cir. 1990)). This "sovereign citizen" jurisprudence provides additional support for the

finding that this Court does not have federal question jurisdiction over the claim pursuant to Treaty No. 36, as asserted by the Plaintiff, and further, that there is not a cognizable claim in the domestic courts of the United States for a violation of Treaty No. 36. Accordingly, the undersigned **RECOMMENDS** that Claim III, Neglect of Treaty Series, No. 36, be dismissed without prejudice for failure to state a claim upon which relief may be granted.

Additionally, Plaintiff alleges federal question jurisdiction on the basis that his Fourth Amendment rights were violated. ECF No. 1 at 3, 1-1 at 3-4. In Claim I, Plaintiff provides:

> On June 13th, 2022, the Defendant's Ptlm. Cather unlawfully violated the Plaintiffs 4th Amendment by arresting the Plaintiff without a warrant and no probable cause. The Patrolman violated Plaintiffs 4th amendment right pursuant to state statutes and codes. . . . The Patrolman ordering the Plaintiff to exit the automobile was seizure of his liberties because the Patrolman did not point to objective observable fact that a criminal activity was afoot or that the Plaintiff being in the vehicle posed a threat to the Patrolman's safety. . . . As a result, the Defendants Patrolman failure to uphold the national law of government as is his oath and for want of authority deprived the Plaintiff of his liberties and rights guaranteed by the constitution.

ECF No. 1-1 at 3-5.

The Fourth Amendment guarantees the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. CONST. AMEND. IV. "However, the Constitution does not provide, by itself, a cause of action to address alleged violations of its provisions." <u>Dressler v. Walmart Stores, Inc.</u>, No. 3:17-CV-154, 2019 WL 3916263, at *3 (N.D.W. Va. July 25, 2019), <u>report and recommendation adopted,</u> No. 3:17-CV-154, 2019 WL 3892422 (N.D.W. Va. Aug. 19, 2019) (citations omitted). Instead, a plaintiff must bring his or her civil claim of a constitutional violation under a statute that provides

a cause of action, such as 42 U.S.C. § 1983.[1] Id. (citing Hughes v. Bedsole, 48 F.3d 1376, 1383 (4th Cir. 1995)).

In order to state a claim under 42 U.S.C. § 1983, the plaintiff must demonstrate that (1) a person (2) acting under color of state law (3) deprived him of the rights guaranteed by the Constitution or federal laws. Rendall-Baker v. Kohn, 547 U.S. 830, 838 (1982). "To be sued under § 1983, a defendant 'must either be a state actor or have a sufficiently close relationship with state actors that a court would conclude that [it] is engaged in the state's actions.'" Dressler, 2019 WL 3916263, at *3 (quoting Cox v. Duke Energy Inc., 876 F.3d 625, 632 (4th Cir. 2017)). Additionally,

> [t]o act "under color of" state law for § 1983 purposes does not require that the defendant be an officer of the State. It is enough that he is a willful participant in joint action with the State or its agents. Private persons, jointly engaged with state officials in the challenged action, are acting "under color" of law for purposes of § 1983 actions.

Dressler, 2019 WL 3916263, at *3 (quoting Dennis v. Sparks, 449 U.S. 24, 27–28 (1980)).

Plaintiff's Complaint against the State of West Virginia and Patrolman Cather, alleges vehicle seizure, false imprisonment, as well as assault and battery by a working law enforcement officer without a warrant or probable cause in violation the Fourth Amendment of the U.S. Constitution. [ECF No. 1-1 at 2-4]. While Plaintiff does not explicitly cite to § 1983, reading the *pro se* Complaint liberally, the undersigned will construe Plaintiff's claim as one under § 1983. Accordingly, the undersigned **FINDS** that there is federal question jurisdiction, pursuant to Title

---

[1] Alternatively, and additionally, a Bivens claim may remedy an alleged constitutional violation. See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) (where the Supreme Court recognized an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights). In order to state a claim pursuant to Bivens, a plaintiff must set forth a statement that indicates a federal official violated a specific constitutional right; however, a plaintiff cannot bring a Bivens action against a private entity. James v. ServiceSource, Inc., 555 F. Supp. 2d 628, 639 (E.D. Va. 2008) (citing Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 70 (2001)).

12

42, United States Code, Section 1983, for this Court to hear Plaintiffs' claims, alleging violations of his Fourth Amendment constitutional rights by a state actor.

   2. *Supplemental Jurisdiction*

Title 28, United States Code, Section 1367 provides that a district court properly invested with jurisdiction can also exercise supplemental jurisdiction over state law claims that "form part of the same case or controversy." *See* Weigle v. Pifer, 139 F. Supp. 3d 760, 767 (S.D.W. Va. 2015) (citing United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)). *Cf.* Dargis v. Sheahan, 526 F.3d 981, 991 (7th Cir.2008) (finding survival of one federal due-process claim does not require court to retain jurisdiction over seven state-law claims).

Here, in addition to the Fourth Amendment violations raised by Plaintiff in Claim I, which the undersigned construes as a § 1983 claim for which this Court has federal question jurisdiction, Plaintiff alleges in Claim II that he was falsely imprisoned and alleges in Claim IV that he was assaulted, battered, and mocked by Defendant Cather on the date in question. Whether or not these claims are sufficiently plead or whether there is an adequate defense will be discussed below, however, the undersigned must first determine whether these claims are so related to the § 1983 Fourth Amendment claim that they are part of the same case or controversy. Plaintiff's false imprisonment, assault, and battery claims, Claims II and IV, all arise from the same date, location, and altercation with Patrolman Cather as the Fourth Amendment violations outlined in Claim I. Accordingly, because they are so related to the claims with original federal question jurisdictions, the undersigned **FINDS** this Court should retain supplemental jurisdictions over the claims for false imprisonment, assault, and battery, if these claims have been sufficiently plead.

To summarize, the undersigned **FINDS** that there is no federal question jurisdiction nor a recognizable cause of action pursuant to Treaty No. 36, as cited by the Plaintiff in Claim III, and

the undersigned **RECOMMENDS** that Claim III be **DISMISSED WITHOUT PREJUDICE**.[2] The undersigned further **FINDS** that the Fourth Amendment violations raised by Plaintiff in Claim I may be liberally construed as a civil § 1983 claim for which this Court does have subject matter jurisdiction – federal question jurisdiction under 28 U.S.C. § 1331. The undersigned further **FINDS** that the state law tort claims brought in Claims II and IV for false imprisonment, assault, and battery are part of the same case or controversy as the federal § 1983 claims and, thus, **RECOMMENDS** that this Court retain supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367, if the claims are sufficiently plead.

> **B. Upon initial review for the purposes of 28 U.S.C. § 1915(e)(2)(B), Claims I, II, and IV sufficiently state claims for which relief can be granted.**

1. *§ 1983 – Claims of Fourth Amendment Violations*

Again, to state a claim under 42 U.S.C. § 1983, the plaintiff must demonstrate that (1) a person (2) acting under color of state law (3) deprived him of the rights guaranteed by the Constitution or federal laws, such as those rights guaranteed by the Fourth Amendment. Rendall-Baker v. Kohn, 547 U.S. 830, 838 (1982). "To be sued under § 1983, a defendant 'must either be a state actor or have a sufficiently close relationship with state actors that a court would conclude that [it] is engaged in the state's actions.'" Dressler, 2019 WL 3916263, at *3 (quoting Cox v. Duke Energy Inc., 876 F.3d 625, 632 (4th Cir. 2017)).

Plaintiff alleges that Patrolman A. Cather, "an employee of the State of West Virginia," [ECF No. 1-1 at 2], violated his Fourth Amendment rights by forcing Plaintiff from his vehicle, then handcuffing, searching, and arresting him without a warrant. [ECF No. 1-1 at 2-3]. *See also* Complaint, ECF No. 1-1 at 4 ("On June 13th 2022 the Defendant's Patrolman false imprisoned the

---

[2] *See* Nagy v. FMC Butner, 376 F.3d 252, 258 (4th Cir. 2004) ("We do not think, however, that Congress intended a dismissal under § 1915(e)(2)(B)(i) of the in forma pauperis statute to operate as a dismissal with prejudice.").

14

Plaintiff without a warrant or due process of law, unlawfully arrested the plaintiff, and acting under color of law, did falsely imprison the Plaintiff, depriving him of his liberties.") and at 5 ("Due to the unlawful act of the Patrolman, the Plaintiff under duress suffered a series of assaults and batteries upon his person, including arrest, handcuffing, imprisonment, physically searched, forced fingerprinting, booking procedures, loss of resources as well as continued mocking of his political status by the patrolman at booking location.").

In his Complaint, Plaintiff outlines events involving a state actor, Patrolman A. Cather, alleging the state officer forced from his vehicle, handcuffed, searched, imprisoned, and ultimately arrested him in violation of his Fourth Amendment rights. The Complaint articulates "allegedly unconstitutional conduct . . . fairly attributable to the State[.]" Cox v. Duke Energy Inc., 876 F.3d 625, 633 (4th Cir. 2017) (citations omitted). While numerous affirmative defenses may be available to the named defendants, such as qualified immunity,[3] Plaintiff has sufficiently claimed, for the purposes of an initial review under 28 U.S.C. § 1915(e)(2)(B), that the official charged, Patrolman Cather, "acted personally in the deprivation of the plaintiff's rights.'" Wright v. Collins, 766 F.2d 841, 850 (4th Cir.1985). Thus, the undersigned **FINDS** that Claim I is sufficient and **RECOMMENDS** this Court grant Plaintiff's Motion for Leave to Appear *in forma pauperis*, [ECF No. 2], and allow this action, particularly Claim I, proceed in normal course.

2. *False Imprisonment*

To establish a claim for false imprisonment under West Virginia law, one must show (1) the detention of the person, and (2) the unlawfulness of the detention and restraint. Kempker v. United States of Am., No. 1:19CV198, 2021 WL 4973252, at *30 (N.D.W. Va. July 6, 2021),

---

[3] "Although a motion pursuant to Rule 12(b)(6) invites an inquiry into the legal sufficiency of the complaint, not an analysis of potential defenses to the claims set forth therein, dismissal nevertheless is appropriate when the face of the complaint clearly reveals the existence of a meritorious affirmative defense." Occupy Columbia v. Haley, 738 F.3d 107, 116 (4th Cir. 2013) (quoting Brockington v. Boykins, 637 F.3d 503, 506 (4th Cir.2011). "One such defense is qualified immunity." Id.

report and recommendation adopted sub nom. Kempker v. United States, No. 1:19-CV-198, 2021 WL 4059458 (N.D.W. Va. Sept. 7, 2021), reconsideration denied, No. 1:19-CV-198, 2022 WL 1049325 (N.D.W. Va. Apr. 7, 2022), appeal dismissed, No. 22-6448, 2022 WL 12140649 (4th Cir. June 13, 2022).

> In support of his claim for False Imprisonment, Plaintiff states the following:
>
> The Patrolman called for another state agent to help in his pursuit of authority. The Defendants Patrolmen forced the Plaintiff from his automobile. [ ] The Plaintiff was handcuffed, searched, and arrested without a warrant present[.] . . . The Patrolman's acts were in violation of the rights and constitutional provisions of due process of law. [ ] The Patrolman brought the Plaintiff to Monongalia County Sheriff's Office where the Patrolman knew the Plaintiff would be subject to booking, which included fingerprinting, photographing, and confinement or possibly be subjected to other types of assaults and batteries. . . . . On June 13th, 2022, the Defendant's Patrolman false imprisoned the Plaintiff without a warrant or due process of law, unlawfully arrested the plaintiff, and acting under color of law, did falsely imprison the Plaintiff, depriving him of his liberties. [ ] As a result of Defendant's Patrolman's false imprisonment of the Plaintiff, the Plaintiff had his rights to liberty violated, suffering mental and physical anguish, a loss of time and embarrassment by being escorted to the courthouse in chains placed on his hands, waist, and legs. Forcing the Plaintiff to waddle throughout the courthouse until released.

ECF No. 1-1 3-5. Taking these facts as true, Plaintiff Augmon has articulated his claim that he was detained by the Patrolman, an agent acting on behalf of the State of West Virginia, and that the detention or restraint was unlawful. This is sufficient to put the Defendants, the state of West Virginia and Patrolman Cather, on notice and serves as a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Accordingly, the undersigned **FINDS** that Claim II is sufficient and **RECOMMENDS** this Court grant Plaintiff's Motion for Leave to Appear *in forma pauperis*, [ECF No. 2], and allow this action, particularly Claim II, proceed in normal course.

3. *Assault and Battery*

A defendant commits a battery under West Virginia law if "(a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) a harmful contact with the person of the other directly or indirectly results." See Carder v. Tinney, No. 1:16CV204, 2017 WL 3446531, at *6 (N.D.W. Va. Aug. 10, 2017) (quoting Tolliver v. Kroger Co., 498 S.E.2d 702, 711 (W. Va. 1997)). A defendant is guilty of assault under West Virginia law if "(a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) the other is thereby put in such imminent apprehension." Id. (quoting W. Va. Fire & Cas. Co. v. Stanley, 602 S.E.2d 483, 495 (W. Va. 2004)).

West Virginia law permits a plaintiff who brings a Section 1983 claim against a law enforcement officer to pursue an independent claim for assault or battery. Neiswonger v. Hennessey, 215 W.Va. 749, 753, 601 S.E.2d 69 (2004) (holding that collateral estoppel did not bar plaintiff from asserting state law claims, including assault, battery, and intentional infliction of emotional distress, against a police officer despite federal district court's ruling, in a case arising from the same incident, that there was no viable Section 1983 excessive force claim because the defendant police officer's use of force was objectively reasonable). *But see* Weigle v. Pifer, 139 F. Supp. 3d 760, 776 (S.D.W. Va. 2015) ("Section 118 of the Restatement announces the 'general principle' that an individual engaged in an arrest is afforded a privilege that precludes a battery claim.") and Lee v. City of S. Charleston, 668 F.Supp.2d 763, 777 (S.D.W.Va.2009) ("[A] peace officer acting within the limits of his appointment is privileged to arrest another").

In Claim IV of the Complaint, Plaintiff provides:

The Patrolman called for another state agent to help in his pursuit of authority. The Defendants Patrolmen forced the Plaintiff from his automobile. . . . Due to the

17

>unlawful act[s] of the Patrolman the Plaintiff under duress suffered a series of assaults and batteries upon his person including arrest, handcuffing, imprisonment, physical searched, forced fingerprinting, booking procedures, loss of resources as well as continued mocking of his political status by the patrolman at booking location.

ECF No. 1-1 at 6, 5.

As above, there may be defenses raised by the Defendants which could preclude Plaintiff's recovery based upon the actions alleged.[4] However, reading the *pro se* Complaint liberally, Plaintiff has outlined in his Complaint harmful or offense contacts or actions by Defendant Cather, an agent or actor on behalf of the State of West Virginia, sufficient under 28 U.S.C. § 1915(e)(2)(B) for an initial pleading of assault and battery. Accordingly, the undersigned **FINDS** that Claim IV is sufficient under 28 U.S.C. § 1915(e)(2)(B) and **RECOMMENDS** this Court grant Plaintiff's Motion for Leave to Appear *in forma pauperis*, [ECF No. 2], and allow this action, particularly Claim IV, proceed in normal course.

### IV. RECOMENDATION

In sum, after an initial review, the undersigned **NOW RECOMMENDS**:

1. Claim III of the Complaint, [ECF No. 1-1 at 5], Neglect of Treaty Series, No. 36, be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted;

2. Claims I, II, and IV, because there is subject matter jurisdiction over the claims and sufficient initial pleadings, be **PERMITTED TO PROCEED** in normal course; and,

---

[4] *See supra* n. 3. *See also* <u>Occupy Columbia v. Haley</u>, 738 F.3d 107, 118 (4th Cir. 2013)("[W]here the law is unsettled, or murky, qualified immunity affords protection to [a government official] who takes an action that is not clearly forbidden—even if the action is later deemed wrongful.").

      3. Plaintiff's Motion for Leave to Proceed *in forma pauperis*, [ECF No. 2], be **GRANTED**.

Within fourteen (14) days after being served with a copy of the Report and Recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made. Objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12. A copy of such objections should also be submitted to the United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested, at his last known address as reflected on the docket, and to transmit a copy electronically to all counsel of record. Further, upon entry of this Report and Recommendation, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

DATED: January 3, 2023.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE